[No. 3592.]

POSEY v. THE DENVER NATIONAL BANK.

1. COMMERCIAL PAPER—CONDITIONAL ACCEPTANCES.

The acceptor of a draft may impose any condition upon his liability he may see fit, but to escape liability on the ground that the acceptance was conditional, the condition must have been clearly expressed. All such writings are to be regarded as commercial instruments, to be liberally interpreted for the protection of those who have given them faith and credit.

2. SAME.

The conditions relied upon by the acceptor to escape liability in this case were not so clearly expressed as to be available for that purpose.

*Appeal from the Court of Appeals.*

THIS action was originally instituted against appellant and

one L. A. Dunham, to recover the sum of $500 with interest and protest fees upon a draft drawn by Dunham upon appellant Posey, which draft was cashed by appellee, The Denver National Bank. No service was had upon Dunham, and he did not appear.

On October 27, 1892, Dunham, the drawer, was in Chicago, and on that date wrote a letter to appellant Posey, from that city, in which he represented that he was sorely in need of money to pay certain expenses, and that it was important for him to go at once to Denver, but that he could not leave Chicago until he could procure funds with which to pay his pressing debts, etc. In this letter Dunham requested authority to draw upon Posey for money to pay the above mentioned indebtedness. In answer appellant wrote the following letter:

"WHITEWATER, WIS., Oct. 31, 1892.

"Dear Dunham: On my return from the lake to-day, where I have been shooting, I found your letter of the 27th. You have, no doubt, gone before this time; hence, I write you, instead of wiring, as requested.

"Of course, I could raise a small amount of money on short notice, but am using my banks for all they will stand, but if you are still there and need the money yet, you can make draft on me for $500, and I will pay it. I am very sorry, indeed, that you have been placed in such an embarrassing position, and ordinarily I could help you out, but to-day am really hard up myself. I am now struggling to raise $50,000 for the smelter, that has come on me unexpectedly.

"Yours truly,

"O. P. POSEY."

On the 17, day of November, 1892, Dunham presented this letter with the following draft to The Denver National Bank of Denver, appellee:

"$500.          DENVER, COLO., Nov. 17, 1892.

"On demand, pay to the order of Denver Nat'l Bank five

hundred dollars, value received, and charge to the account of

"L. A. DUNHAM.

"To O. P. POSEY,

"WHITEWATER, WIS., CITIZENS NAT. BANK."

The officers of the bank knew at the time that Dunham was without property or funds, but the draft was immediately cashed upon the promise of Posey contained in the letter, as his credit was good. After paying the draft, the bank forwarded it to Whitewater, Wis., where it was presented to Posey, who refused to honor the same, and it was accordingly protested. On May 24, 1893, this action was brought to collect the amount from Posey. A trial in the county court resulted in a verdict and judgment for plaintiff. Upon appeal to the court of appeals, this judgment was affirmed. The case having originated in the county court, the jurisdiction of the supreme court to entertain this appeal is unquestioned.

Mr. C. H. TOLL, Mr. WM. M. BARBOUR and Mr. C. M. GARWOOD, for appellant.

Mr. S. D. WALLING, for appellee.

CHIEF JUSTICE HAYT delivered the opinion of the court.

The principle of law is well established by which one is held who accepts a draft and thereby induces another to pay the same. It is founded upon sound morality, and is supported by all the authorities. And where a third party advances money upon authority given to draw generally, or for a definite sum, the promise to pay, whether expressed in positive terms, or implied from the authority, is held to move directly to the third party who has been induced to part with his money upon the faith of such promise.

The letter by which the bank was induced to pay Dunham's draft contains a conditional promise to pay, the only question in dispute being upon the effect of the conditions

upon which such payment was made to depend. The conditions are expressed in the following language: "If you are still there, and need the money yet, you can make draft on me for $500, and I will pay it." Counsel say that Posey only intended to pay a draft drawn in Chicago. It is a sufficient answer to this contention to say, that there is nothing upon the face of the letter which indicates that the draft was only to be drawn in Chicago. The letter was not addressed to Dunham in Chicago, and there was nothing in the language to indicate to appellee that the draft was to be drawn in Chicago, and not in Denver. If Posey intended to limit the promise to pay, to a draft drawn in Chicago, he should have used some appropriate words to have expressed such limitation. After the bank had paid the draft, it is too late for Posey to escape liability by reason of some secret intent not made known to the payer. It is true that the acceptor of a draft may impose any condition upon his liability, whether such condition be founded upon good reason or mere caprice, but it is equally true that to escape liability the condition must be clearly expressed. After a third party has parted with his money, upon the faith of a writing, and a condition is relied upon to relieve from liability, such condition must be something more than a mere inference from the terms of the instrument upon which the liability of the acceptor depends. All such writings are regarded in law as commercial instruments, to be liberally interpreted for the protection of those who have given faith or credit to them. *Lawrence* v. *McCalmont et al.*, 2 How. (U. S.) 426; *Bank v. Recknagel*, 109 N. Y. 482.

If Posey wished to limit his promise to pay, to a draft drawn in the city of Chicago, he should have expressed such limitation in terms that could not have been misunderstood. Not having done so, we must hold, with the court of appeals, that the bank was not responsible for the unexpressed purpose or hidden intention of Posey.

The second claim relied upon by counsel to defeat a recovery is based upon the word "yet," as it appears in the fol-

lowing connection in the letter: "If you * * * need the money *yet*," the contention of counsel being that the letter did not authorize the payment of a draft upon the 17, day of November, or seventeen days after the date of the letter. We do not think that this contention of counsel should be upheld. Posey's letter to Dunham not only indicates the closest friendship between the parties, but is well calculated to inspire others with confidence in Dunham's integrity. It shows that Posey was willing to assist him to the extent of $500, if he still needed that sum. The letter does not in terms limit the acceptance of a draft to be drawn within a definite period; the most favorable view that can be taken for Posey is that it should be drawn within a reasonable time, and a delay of seventeen days was not unreasonable, or sufficient to put the bank upon inquiry. Dunham alone could determine at the time the draft was made whether or not he needed the money. This was a matter which it was impossible for the bank to ascertain, other than from the representations of Dunham, and when he presented the draft with the letter the bank was authorized to infer that he then needed the money.

The two questions considered are the controlling questions in the case. It is unnecessary to elaborate the principles upon which our conclusions are based. They are set forth with great perspicuity in the very able opinion of Judge Thomson, of the court of appeals. See *Posey v. Denver National Bank*, 7 Colo. App. 108. With that opinion we are entirely satisfied, and the judgment of the court of appeals is, accordingly, affirmed.

*Affirmed.*